UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF WAUGH, et al.,

        Plaintiff(s),

    v.

SCOTT HARRINGTON, et al.,

        Defendant(s).

_____/

No. C 11-5602 PJH

**ORDER GRANTING MOTION TO DISMISS**

        Defendant Rob Denner's motion to dismiss the first amended complaint came on for hearing on May 30, 2012. Plaintiff Jeff Waugh did not file an opposition to the motion but did appear at the hearing in pro per. Neither of the other plaintiffs opposed the motion or appeared at the hearing. Defendant appeared through counsel, Richard Osman. After carefully considering the papers filed by defendant and the arguments made by both parties, the court GRANTS the motion for the reasons stated at the hearing.

        The first amended complaint ("FAC") asserts seven causes of action (labeled by plaintiff as "counts"). None of the causes of action adequately identify which defendant is being accused of which act nor which act comprises which violation. Defendant Denner is named only in paragraph 53(a) which sets forth the factual background of an incident occurring on February 8, 2012, after the complaint was filed. At the hearing, when asked to identify which causes of action were intended to be asserted against Denner, plaintiff identified the 3rd, 4th, 6th and 7th causes of action. The other causes of action are presumably asserted against the other eleven defendants.

        The four causes of action asserted against Denner are DISMISSED as they fail to state a claim. The third cause of action for unreasonable search and seizure is **dismissed**

**without leave to amend** as any amendment would be futile in view of plaintiff's probationary status and search condition. The fourth cause of action for excessive force is **dismissed with leave to amend** to assert the facts proffered by plaintiff at the hearing which support the claim. The sixth cause of action for deprivation of property without due process is **dismissed with leave to amend** to identify the property of which plaintiff was deprived by Denner and the manner in which Denner deprived plaintiff. The seventh cause of action for false imprisonment under state law is **dismissed without leave** to amend because amendment would be futile in view of the fact that plaintiff was not arrested and any detention was permissible by virtue of his probationary status. Moreover, plaintiff did not plead exhaustion of his administrative remedies by filing a claim with the public entity being sued pursuant to Cal. Gov. Code § 905 before filing suit. Accordingly, as to Denner, plaintiff may re-plead the causes of action for excessive force and deprivation of property only.

      Further, the court sua sponte dismisses all causes of action against other non-moving defendants without prejudice because a more definite statement of plaintiff's claims is needed before discovery commences. Specifically, the first cause of action alleging general constitutional violations is dismissed with prejudice as it is duplicative of the specific constitutional violations alleged elsewhere in the complaint. The second through seventh causes of action shall be re-numbered and the heading for each, shall identify each defendant against whom the claim is brought. Additionally, in the text of each cause of action, plaintiff shall set forth which incidents comprise the particular cause of action. The state claim for false imprisonment, may not be re-stated unless plaintiff can plead that he did file a tort claim before filing suit.

      Plaintiff is further reminded that as a non-lawyer pro per litigant, he may not represent the other two plaintiffs. Moreover, it is not clear from the complaint which cause of action can even be asserted by the other plaintiffs given the facts alleged. If they wish to proceed, the amended complaint must set forth the facts that involve them and must

identify which cause(s) of action is brought by the other plaintiffs as well as Waugh. Of course, they may also voluntarily dismiss their claims and remove their names from the amended complaint if they do not wish to proceed. No pleading, motion or response will apply to the other plaintiffs, unless they sign the document. The amended complaint shall be titled "Second Amended Complaint" and shall be filed by June 27, 2012. No additional parties or causes of action may be added to the complaint without leave of court. Responsive pleadings shall be filed within 28 days after the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: June 5, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

3