UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF WAUGH, et al.,

    Plaintiff(s),                          No. C 11-5602 PJH

    v.                                     **ORDER OF DISMISSAL**

SCOTT HARRINGTON, et al.,

    Defendant(s).

_____/

        This matter was before the court for hearing on defendant Denner's motion to dismiss the first amended complaint on May 30, 2012. Plaintiff Jeff Waugh did not oppose the motion but did appear at the hearing. Plaintiffs Lyra Waugh and Erica Stahl did not oppose the motion or appear at the hearing. The motion was granted as explained at the hearing and summarized in an order filed on June 5, 2012. The four causes of action asserted against Denner were dismissed, two of them with leave to amend and two of them with prejudice, and the court sua sponte dismissed all claims against the non-moving defendants because it was impossible to tell which claim was asserted against which defendant(s), and ordered that plaintiffs provide a more definite statement of their claims against each defendant by filing an amended complaint. Specific instructions on how to amend were provided in the June 5, 2012 order and a deadline of June 27, 2012 was set. The deadline passed and plaintiffs did not filed the second amended complaint as ordered.

        The court thereafter issued an Order to Show Cause ("OSC") why the complaint should not be dismissed with prejudice for failing to comply with the court's order and otherwise prosecute this matter. The OSC also warned that all plaintiffs were required to

appear (because pro se plaintiff Jeff Waugh could not represent the other two plaintiffs) and that the case would be dismissed with prejudice if they failed to appear.  A hearing on the OSC was held on July 25, 2012 at 9:00 a.m.  Defendant Denner appeared at the hearing, but no plaintiff appeared.  As of today's date, no written response to the OSC or request for relief therefrom has been received from any plaintiff.

Accordingly, the court having considered the five factors set forth in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), and having determined that notwithstanding the public policy favoring the disposition of actions on their merits, the court's need to manage its docket and the public interest in the expeditious resolution of the litigation require dismissal of this action.  In view of plaintiffs' lack of response to this court's prior orders, the court finds there is no appropriate less drastic sanction.

Accordingly, this action is dismissed with prejudice pursuant to Fed. R. Civ. pro. 41(b) for plaintiffs' failure to prosecute.

**IT IS SO ORDERED**

Dated: July 30, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge